UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GAFUR ALIEV,

Petitioner,

v.

PAM BONDI, et al.,

Respondents.

Civil Action No. 26-CV-00011 (RK)

MEMORANDUM OPINION

This matter comes before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) brought by Gafur Aliev ("Petitioner"), a citizen of Tajikistan who has been detained at Elizabeth Detention Center in Elizabeth, New Jersey for over 15 months. For the reasons explained below, the Court finds that Petitioner's detention has become unreasonably prolonged and GRANTS the petition on that basis.

## I.    RELEVANT BACKGROUND

Petitioner alleges that he became a lawful permanent resident of the United States in September 2015 after entering the country on a visa obtained through the Diversity Immigrant Visa Program. (ECF No. 1 at ¶¶ 16-18.) Documents submitted by Respondents demonstrate that, following a years-long investigation by the Federal Bureau of Investigation ("FBI") into Petitioner's alleged ties to online supporters of the Islamic State of Iraq and al-Sham ("ISIS"), Petitioner was arrested by the FBI on March 27, 2025. (ECF No. 7.) Petitioner alleges that he was arrested pursuant to an indictment charging him with violation of 18 U.S.C. § 1546(a) and violation of 18 U.S.C. § 1621(2). (ECF No. 1 at ¶ 59); *U.S. v. Aliev*, No. 25-cr-00180 (D.N.J. Mar.

1

28, 2025). Respondents also allege that Petitioner knowingly made false statements under oath as to material facts in his naturalization application. (ECF No. 7.)

Documents filed in support of the petition show that Magistrate Judge Adams, presiding over the criminal indictment against Petitioner, ordered Petitioner released on bond with the conditions of home incarceration, electronic monitoring, and other restrictions on April 11, 2025. (ECF No. 1-2 (Order Setting Conditions of Release).) On April 14, 2025, Petitioner was released from criminal custody and immediately transferred to the custody of Immigration and Customs Enforcement ("ICE"), where he has remained detained under 8 U.S.C. § 1226(c) since. (ECF No. 1 at ¶ 69.) Petitioner's criminal charges remain pending. *U.S. v. Aliev*, No. 25-cr-00180 (D.N.J. Mar. 28, 2025).

The Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear on April 14, 2025, and charged Petitioner with removability under § 237(a)(4)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(4)(B), alleging that Petitioner engaged in terrorist activity by soliciting funds for the terrorist organization ISIS. (ECF No. 7-2 at 1.) At a removability hearing on July 31, 2025, the Immigration Judge ("IJ") sustained the charge of removability against Petitioner. (ECF No. 1 at ¶ 85.) Petitioner then filed for deferral of removal under the Convention Against Torture ("CAT"). (*Id.* at ¶ 86.) That application was denied on its merits by the IJ on October 27, 2025, and Petitioner timely filed an appeal of the IJ's decision before the Board of Immigration Appeals ("BIA") on November 24, 2025. (*Id.* at ¶ 89-90.) According to the evidence provided to this Court, that appeal is still pending before the BIA. (ECF No. 11.)

Petitioner filed this petition for habeas relief under 28 U.S.C. § 2241 on January 2, 2026, alleging that his detention under 8 U.S.C. § 1226(c) was unreasonably prolonged in violation of

the Fifth Amendment's Due Process Clause. (ECF No. 1.) According to Respondents, Petitioner is lawfully detained under 8 U.S.C. § 1226(c), which mandates detention of noncitizens who are inadmissible or deportable by reason of having committed certain criminal offenses. Respondents also allege that Petitioner's continued detention is not unlawfully prolonged as it is within the timeframe of reasonable detention permitted by the U.S. Court of Appeals for the Third Circuit. (ECF No. 7.)

On March 3, 2026, the BIA set a briefing schedule for the appeal of Petitioner's immigration case, and Petitioner's counsel and Respondents timely filed their respective appeal briefs on March 24, 2026. (ECF Nos. 10, 10-1.) According to Petitioner's counsel, no decision has been issued in that appeal. (ECF No. 11.)

During the 15-month period since his transfer to ICE custody, Petitioner has been detained at Elizabeth Detention Center and separated from his wife and six children. (*Id.*) He has submitted a declaration from his wife, who cares for their children in his absence. (ECF No. 11-1 ("Declaration of Naz Ahmad").) Petitioner's wife alleges that Petitioner was unable to be present at the birth of their youngest child due to his detention, and that the family is unable to visit Petitioner together due to visitation rules at Elizabeth Detention Center. (*Id.* at ¶¶ 28, 50.) Petitioner's wife alleges that she and their children have suffered emotional and financial hardship as a result of Petitioner's continued detention. (*Id.* at ¶¶ 32-47.)

In his Petition, Petitioner contends that his detention under § 1226(c) has become unreasonably prolonged; he requests immediate release or a bond hearing at which the government bears the burden of proving that continued detention is necessary. (ECF No. 1.) On May 11, 2026, Petitioner filed a motion to expedite consideration and/or request a status conference. (ECF No. 11.)

## II.    DISCUSSION

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he or she is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over Petitioner's claims as he is detained in this district and alleges that his custody violates the Due Process Clause of the Fifth Amendment.

The Court briefly addresses the statutory authority for Petitioner's detention, which is undisputed. The record in this matter establishes that Petitioner was detained by ICE following the filing of criminal charges brought against Petitioner. Based on these charges, Respondents have detained Petitioner under 8 U.S.C. § 1226(c) without a bond hearing as required by the language of the statute. The Court accepts Respondents' position that they are detaining Petitioner under § 1226(c) but finds that Petitioner's mandatory detention has become unreasonably prolonged and grants habeas relief on that basis.

It is well established that the Due Process Clause prohibits the unreasonably prolonged detention of a noncitizen who has a final order of removal where there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 682, 701 (2001) (applying the canon of constitutional avoidance and setting a rebuttable six-month limitation on post-final order detention). Here, Petitioner does not have a final order of removal, and Respondents are detaining him on a mandatory basis under 8 U.S.C. § 1226(c). In *Jennings v. Rodriguez*, the Supreme Court held that "aliens detained under [1226(c)'s] authority are not entitled to be released under any circumstances other than those expressly recognized by the

4

statute." 583 U.S. at 283 (holding that the plain language of 8 U.S.C. §§ 1225(b), 1226(c), and 1226(a) do not require periodic bond hearings every six months). The *Jennings* Court, however, did not determine whether noncitizens subjected to prolonged detention under those statutes are entitled to bond hearings as a matter of due process. *See id.* at 312.

In *German Santos v. Warden Pike Cnty. Corr. Facility*, the Third Circuit held that "an alien unlawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause." 965 F.3d at 210. Once "detention becomes unreasonable, the Due Process Clause demands a hearing." *Id.* (citing *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011).

Prolonged detention is a "highly fact-specific inquiry" without a bright line. *Id.* at 210. There are four factors for consideration: (1) the duration of the petitioner's detention; (2) the likelihood of continued detention; (3) the reasons for any delay; and (4) the conditions of the petitioner's confinement. *Id.* at 211-12 (citing the factors in *Chavez-Alvarez v. Warden York Cnty Prison*, 783 F.3d 469, 475-78 (3d Cir. 2015)). "The most important factor is the duration of detention," and "a lawful permanent resident's detention [becomes] unreasonable sometime between six months and one year." *See id.* at 211 (citing *Chavez-Alvarez*, 783 F.3d at 475-78). In addition to the length of detention, the Court must consider the likelihood of continued detention, and "[w]hen the noncitizen's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." *See id.* (citing *Chavez-Alvarez*, 783 F.3d at 477-78). Courts must also consider the reasons for any delays, including "whether either party made careless or bad faith 'errors in the proceedings that caused unnecessary delay.'" *Id.* (quoting *Diop*, 656 F.3d at 232). However, courts "do not count [a petitioner's] good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out

5

the proceedings." *Id.* (citing *Chavez-Alvarez*, 783 F.3d at 476–77). Finally, courts must consider whether the noncitizen's "conditions of confinement are 'meaningfully different[ ]' from criminal punishment." *Id.* (quoting *Chavez-Alvarez*, 783 F.3d at 478).

The Court applies the *German Santos* factors in assessing whether Petitioner's detention has become unduly prolonged and thus violates his due process rights. The Court begins with the length of Petitioner's detention and the likelihood of his continued detention, which is all but guaranteed due to his appeal of the IJ's removal order. *See Banda v. McAleenan*, 385 F. Supp.3d 1099, 1119 (W.D. Wash. 2019) (noting that an appeal to BIA and petition for review to the circuit court "may take up to two years or longer"). Even if the Court gives greater weight to the current length of detention, courts in this circuit and elsewhere have found lengths of detention significantly less than the period at bar to be unduly prolonged. *See A.L. v. Leonard Oddo*, 761 F. Supp.3d 822, 826 (W.D. Pa. 2025) (nearly ten-month detention was unreasonable where petitioner was granted withholding of removal but denied asylum and both parties appealed); *Frank B. v. Green*, Civ. No. 19-346, 2020 WL 1673026, at *4 (D.N.J. Apr. 6, 2020) (finding eleven-month detention unreasonable where the BIA had granted the petitioner's motion to reopen proceedings); *Amado v. U.S. Dep't of Just.*, No. 25-CV-2687-LL-DDL, 2025 WL 3079052, at *6 (S.D. Cal. Nov. 4, 2025) ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."); *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (finding detention for nearly nine months weighs in favor of the petitioner). Here, Petitioner has been detained for over 15 months, "an unreasonably long time, and there is no end in sight." *German Santos*, 965 F.3d at 213. For these reasons, the *German Santos* factors assessing the current length of detention and the likelihood that detention will continue strongly weigh in Petitioner's favor.

6

The remaining factors also weigh in Petitioner's favor. There is no evidence that either party has acted in bad faith. It is also undisputed that Petitioner is detained in a jail-like setting and is separated from his wife and minor children, one of whom was born while Petitioner was in detention. His conditions of confinement are not "meaningfully different" from criminal punishment, *German Santos* 965 F.3d at 212, and the impact is exacerbated by family separation.

In sum, the Court finds that "[g]iven its length, likelihood of continuing, and conditions, [Petitioner's detention] has become unreasonable." *German Santos*, 965 F.3d at 212. The remedy for prolonged detention is a bond hearing, at which DHS has the burden to show that Petitioner is a danger to the community or a flight risk by clear and convincing evidence. *See id.* at 213; *A.L.*, 761 F.Supp.3d at 824 (declining to order the petitioner's immediate release and directing instead that he be provided a prompt bond hearing); *Tuser E. v. Rodriguez*, 370 F. Supp.3d 435, 443 (D.N.J. 2019) (placing the burden on the government at bond hearing to show that noncitizen is a flight risk or a danger to the community); *A.L.*, 761 F.Supp.3d at 826 (same); *Maksaddzhon A. v. Pittman*, 2025 WL 3648710, at *3 (D.N.J. Dec. 17, 2025) (same).

7

## CONCLUSION

For the reasons stated in the Memorandum Opinion, the Court grants the petition and directs Respondents to provide the Petitioner with an individualized bond hearing within seven (7) days. At the bond hearing, the burden shall be on the government to show by clear and convincing evidence that the Petitioner is a danger to the community or a flight risk. The motion to expedite consideration (ECF No. 11) shall be terminated considering the relief provided on the underlying Petition. An appropriate Order follows.

ROBERT KIRSCH
United States District Judge

August 4, 2026

8